## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALL FREIGHT SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-2238-TC-GEB |
| | ) |
| NAVISTAR, INC. and | ) |
| KCR INTERNATIONAL | ) |
| TRUCKS, INC. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **<u>ORDER</u>**

This matter comes before the Court on Defendant Navistar, Inc.'s Motion to Compel Discovery from Plaintiff **(ECF No. 54)**. On September 10, 2021, the undersigned held a Zoom discovery conference. Plaintiff appeared through counsel, Warren Armstrong, Gerald Lee Cross, Jr., and Casey Yingling. Defendants appeared through counsel, Drew Thomas, John Patterson, and Tyler Stewart.

Following a thorough discussion during the discovery conference, counsel for Plaintiff conferred with its client. Plaintiff prefers to supplement its discovery responses and complete document production as discussed during the conference in lieu of submitting a formal response to Defendant's motion. Defendant Navistar, Inc.'s Motion to Compel Discovery from Plaintiff **(ECF No. 54)** is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff shall supplement its discovery responses and document production as set out below.

Answers to Interrogatory Nos. 2, 4, 8, 9, 11

Defendants served these interrogatories on February 14, 2020. Plaintiff served its objections and answers on June 29, 2020. Plaintiff did not object to these interrogatories and has previously agreed to a deadline for providing supplemental answers but did not supplemented its answers as agreed. Plaintiff shall supplement its answers to Interrogatory Nos. 2, 4, 8, 9, and 11 no later than **September 24, 2021**.

Responses to Request for Production Nos. 69 and 70

These requests seek documents related to Plaintiff's financial condition and/or lost revenue and seek documents including tax returns, financial statements, profit and lost statements, ledgers, income statements, balance sheets, and financial reports from 2008 through the present. Plaintiff objects the requests are overbroad in time and scope, are vague, and seek documents not reasonably calculated to lead to discoverable evidence.

The Court disagrees the requests are vague. Where Plaintiff alleges they have suffered financial loss due to the diminished resale value of the trucks at issue, lost profits and/or cover damages, and other economic damages, the Court finds the requests are relevant to the claims and defenses in the case and proportional to the needs of the case.

However, the Court agrees the requests are overbroad in time. The timeframe at issue in the Amended Complaint is 2010-2012. The Court finds seeking financial documents from 2008, two years prior to the relevant timeframe, is not overbroad. However, Plaintiff no longer owns the trucks at issue and has in fact closed its business

since suit was filed, thus requesting financial documents through the present is overbroad and burdensome. The Court finds the end date for the production of Plaintiff's financial documents is 2 years after the last of the trucks at issue was sold, but, no later than the year Plaintiff ceased operations. Plaintiff shall produce the requested financial documents for the time period above no later than **October 1, 2021**.

Answer to Interrogatory No. 3

This interrogatory asks Plaintiff to provide the make, model, model year, and VIN of each Class 8 Truck Plaintiff owned or leased from 2008 to present. The interrogatory also requests Plaintiff to indicate whether such truck(s) were either purchased or leased, the date of such purchase or lease, the price paid for such purchase or lease, and if no longer owned or leased, provide the date last leased or the date of disposal and the price or trade-in value received. Plaintiff objected the interrogatory is overbroad in time and scope, but offers, in its answer to provide a list of the trucks in its fleet during the period the subject trucks were in operation.

Plaintiff shall supplement its Answer to Interrogatory No. 3 for the timeframe of 2008 through 2 years after the last of the trucks at issue was sold, but no later than the year Plaintiff ceased operations, by **October 1, 2021 at the latest**.

Based on the foregoing, Plaintiff shall: 1) supplement its Answers to Interrogatories 2, 4, 8, 9, and 11; 2) produce documents responsive to Request for Production Nos. 69 and 70 as set out above; and 3) supplement its Answer to Interrogatory No. 3 as set out above. The Court will set a Zoom Status Conference on **November 8, 2021 at 11:00 a.m**. The

parties should be prepared to discuss the status of written discovery and whether additional modifications to the Scheduling Order are needed.

**THEREFORE**, Defendant Navistar, Inc.'s Motion to Compel Discovery from Plaintiff **(ECF No. 54)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED.**

Dated September 14, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

4